UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

CASE NO.:

STEVEN LAMONT MARKOS,

    Plaintiff,

v.

WILLOUGHBY AVENUE, LLC,

    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendant WILLOUGHBY AVENUE, LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff STEVEN LAMONT MARKOS ("Markos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Markos' original copyrighted Work of authorship.

2.    Markos owns and operates the website, National Park Planner, www.npplan.com. Markos started National Park Planner in 2014 to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

3.    Defendant WILLOUGHBY AVENUE, LLC ("Willoughby") owns and operates a series of websites devoted to stories surrounding people from various backgrounds and

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

cultures. At all times relevant herein, Willoughby owned and operated the internet website located at the URL https://kolumn magazine.com/ (the "Website").

4. Markos alleges that Willoughby copied Markos' copyrighted Work from the internet in order to promote its business activities. Willoughby committed the violations alleged in connection with Willoughby's business for purposes of promoting page views and sales of advertising in the course and scope of the Willoughby's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Virginia.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Willoughby Avenue, LLC is a Virginia Limited Liability Company, with its principal place of business at 1818 Brown Ave., Norfolk, VA 23504-0000, and can be served by serving its Registered Agent, VB Business Services, LLC, 500 World Trade Center, 101 W. Main Street, Norfolk, DC 23510-1699.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2014, Markos created the photograph entitled "Tuskegee-Institute-01", which is shown below and referred to herein as the "Work".



11. At the time Markos created the Work, Markos applied copyright management information to the Work consisting of "© 2014 Steven L. Markos".

12. Markos registered the Work with the Register of Copyrights on November 2, 2016 and was assigned the registration number VA 2-022-996. The Certificate of Registration is attached hereto as Exhibit 1.

13. Markos' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

14. At all relevant times Markos was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. Willoughby has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, Willoughby copied the Work and teh displayed the work at web url located at: http://www.kolumnmagazine.com/2018/01/18/chose-historically-black-college-new-york-times/ (teh "Article"). The Article is a republication of a New York Times editorial, however Willoughby added images to the Article when it was published on teh Website, including the Work.

17. On or about July 12, 2018, Markos discovered the unauthorized use of his Work on the Website. The Website shows the Work as part of a list of historically black colleges.

18. Willoughby copied Markos' copyrighted Work without Markos' permission.

19. After Willoughby copied the Work, it made further copies and distributed the Work on the internet to promote its services as part of its daily work.

20. Willoughby copied and distributed Markos' copyrighted Work in connection with Willoughby's business for purposes of promoting Willoughby's business.

21. Markos' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

22. Willoughby committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

23. Markos never gave Willoughby permission or authority to copy, distribute or display the Work at issue in this case.

24. Markos notified Willoughby of the allegations set forth herein on July 16, 2020 and September 4, 2020. To date, Willoughby has failed to respond to Plaintiff's Notices. Copies of the Notices to Willoughby are attached hereto as Exhibit 3.

25. Despite notice, Willoughby has failed to remove the Work form the Website, and the Work remained displayed on the Website without authorization as of at least March 18, 2021 (See Exhibit 2).

26. When Willoughby copied and displayed the Work at issue in this case, Willoughby removed Markos' copyright management information from the Work.

27. Markos never gave Willoughby permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Markos incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Markos owns a valid copyright in the Work at issue in this case.

30. Markos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Willoughby copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Markos' authorization in violation of 17 U.S.C. § 501.

32. Willoughby performed the acts alleged in the course and scope of its business activities.

33. Willoughby's acts were willful.

34. Markos has been damaged.

35. The harm caused to Markos has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

36. Markos incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. The Work at issue in this case contains copyright management information ("CMI").

38. Willoughby knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

39. Willoughby committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Markos' rights in the Work at issue in this action protected under the Copyright Act.

40. Willoughby caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Markos' rights in the Work at issue in this action protected under the Copyright Act.

41. Markos has been damaged.

42. The harm caused to Markos has been irreparable.

WHEREFORE, the Plaintiff Steven LaMont Markos prays for judgment against the Defendant Willoughby Avenue, LLC that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

b. Defendant be required to pay Plaintiff his actual damages and Willoughby's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: April 7, 2021                                Respectfully submitted,

                                                    **SCHLEIFMAN LAW, PLC**

                                                    By: */s/ Paul S. Schleifman*
                                                    Paul S. Schleifman, VA Bar No. 23353
                                                    1001 19th Street North, Suite 1200
                                                    Arlington, VA 22209
                                                    T: 703.528.1021
                                                    pschleifman@schleifmanlaw.com
                                                    *Counsel for Plaintiff Steven Lamont Markos*